**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Emily Bishop (SBN 319383)
ebishop@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

*Counsel for Lead Plaintiffs Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association, and Lead Counsel for the Settlement Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC <br><br> **CLASS ACTION** <br><br> ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE <br><br> Hearing Date: January 23, 2024 <br> Time: 2:30 p.m. <br> Courtroom: 5 – 17th Floor <br> Judge: Hon. Edward M. Chen |

1     WHEREAS, a consolidated class action is pending in this Court entitled *In re FibroGen, Inc., Securities Litigation*, Case No. 3:21-cv-02623-EMC (N.D. Cal.) (the "Action");

    WHEREAS, by order dated August 30, 2021, this Court appointed Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association ("Lead Plaintiffs") as Lead Plaintiffs and Saxena White P.A. ("Saxena White") as Lead Counsel (ECF No. 75);

    WHEREAS, on November 19, 2021, Lead Plaintiffs filed their Corrected Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 97);

    WHEREAS, Lead Plaintiffs, on behalf of themselves and the Settlement Class (defined below), and Defendants FibroGen, Enrique Conterno, James A. Schoeneck, Mark Eisner, Pat Cotroneo, and K. Peony Yu (collectively, "Defendants") have entered into a Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement"), subject to approval of this Court (the "Settlement");

    WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, allowing notice to Settlement Class Members, as more fully described herein, and certifying a Settlement Class defined as "all persons who purchased or acquired FibroGen securities, including options, between December 20, 2018 through July 15, 2021, inclusive" (the "Settlement Class Period");

    WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

    WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

    NOW THEREFORE, IT IS HEREBY ORDERED:

    1.     **<u>Class Certification for Settlement Purposes:</u>** Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons who purchased or acquired

1    FibroGen securities, including options, between December 20, 2018 through July 15, 2021,
2    inclusive. Excluded from the Settlement Class are: (1) Defendants; (2) the Officers or directors of
3    FibroGen during the Settlement Class Period; (3) the Immediate Family members of any
4    Defendant or any Officer or director of FibroGen during the Settlement Class Period; and (4) any
5    entity that any Defendant owns of controls, or owned or controlled, during the Settlement Class
6    Period. Also excluded from the Settlement Class are those persons who submit valid and timely
7    requests for exclusion in accordance with the provision below, and plaintiffs in the Opt-Out
8    Action.

9    2.   **Class Findings:** Solely for purposes of the proposed Settlement of this Action, the
10   Court finds that each element required for certification of the Settlement Class pursuant to Rule
11   23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class
12   are so numerous that their joinder in the Action would be impracticable; (b) there are questions of
13   law and fact common to the Settlement Class which predominate over any individual questions;
14   (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d)
15   Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the
16   interests of the Settlement Class; and (e) a class action is superior to other available methods for
17   the fair and efficient adjudication of the Action.

18   3.   In consideration of these factors, the Court previously granted class certification
19   for shareholders during the period of December 20, 2018, through April 6, 2021. Docket No.
20   224 at 32. In so holding, the Court determined that the class met the requirements of Rule 23(a)
21   and Rule 23(b)(3) (e.g., numerosity, commonality etc.). There is no reason to reconsider this
22   finding There are two deviations regarding the proposed settlement class and the certified class
23   in the Court's certification order. Specifically, the proposed settlement class accounts for a
24   longer class period (through July 15, 2021, inclusive); and (2) includes options holders as class
25   members in addition to shareholders. These two deviations from the certified class definition do
26   not undermine propriety of certification.

27   a)   As to the extended class period, the settlement accounts for the Court's prior
28        holding regarding the July 15, 2021 corrective disclosure; the previously excluded period is

ORDER PRELIM. APPR. STLMT. AND
PROV. FOR NOTICE
3:21-cv-02623-EMC

2

subject to a 90% reduction to the loss calculation for class members who suffered a loss connected to that disclosure. Settlement Agreement, Ex. A-1 at 17 n. 4.  Accordingly, the terms of the settlement adequately incorporate the Court's prior finding regarding the class period.

      b)    As to the inclusion of options holders, the Lead Plaintiffs submit materials to support the use of the proposed formula to calculate class-wide damages for these options holders, addressing issues identified by this Court in its certification order.  Specifically, Plaintiffs' expert, Mr. Walster describes his method of determining recovery for both call and put options. *See* Docket No. 236, Declaration of Scott Walster ("Walster Decl.) ¶¶ 19-22. The formula measures the inflated stock price due to the alleged falsity by Defendants, as reflected in the deflated amount of the stock price tied to a corrective disclosure, controlled for market and industry factors.  As such, the formula appears to be in line with the Plaintiffs' theory of recovery (fraud on the market) and is a legitimate basis for calculating class-wide damages.  *See also In re Apple Inc. Sec. Litig.*, 2023 WL 2763952, at *2 (N.D. Cal. Mar. 28, 2023) ("the [c]ourt finds that plaintiff has provided an adequate method of calculating damages for options holders"); *Levy v. Gutierrez*, 448 F. Supp. 3d 46, 66–67 (D.N.H. 2019) (where Mr. Coffman, Plaintiffs' class certification expert in this Action, put forth a damages model for options holders, "[t]he court finds that common issues will predominate over individualized ones with respect to calculating damages incurred by options traders").[1] Accordingly, the Court certifies the proposed class for settlement purposes.

    4.    The Court hereby reaffirms its prior finding that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs are adequate class representatives for the Settlement Class. The Court also reaffirms its appointment of Saxena White as Class Counsel, pursuant to

---

[1] Courts have been willing to approve classes that are more expansive for settlement purposes than litigation in the context of complex securities litigation. *See, e.g.*, *In re Finisar Corp. Sec. Litig.*, No. 5:11-cv-01252-EJD, 2019 WL 2247750, at **2-4, 7 (N.D. Cal. May 24, 2019) and Docket No. 204 at 1-2 (N.D. Cal. Oct. 1, 2020) (certifying settlement class after denying motion to certify a class, denying motion for reconsideration of this decision, and striking renewed motion for class certification after Ninth Circuit denied petition to appeal).  This approach is appropriate considering the policy considerations favoring settlement in class action securities litigations. *Mandalevy v. BofI Holding, Inc.*, 2022 WL 4474263, at *3 (S.D. Cal. Sept. 26, 2022) (recognizing that there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *Lea v. Tal Education Group*, 2021 WL 5578665, at *4 (S.D.N.Y. Nov. 30, 2021) (similar).

1  Rule 23(g) of the Federal Rules of Civil Procedure.

2       5. **Preliminary Approval of the Settlement** – Rule 23(e) states that "claims . . . [of]
3  a class proposed to be certified for purposes of settlement [] may be settled . . . only with the court's
4  approval." Fed. R. Civ. P. 23(e). Because the Amended Settlement Agreement "would bind class
5  members, the court may approve it only after a hearing and only on finding that it is fair,
6  reasonable, and adequate after considering" a number of factors that derive from Federal Rule
7  23(e)(2). *Id.* The Rule-based factors to be considered include: (A) whether class representatives
8  and counsel adequately represent the class; (B) whether the proposal was negotiated at an arm's
9  length; (C) whether the relief provided for the class is adequate (including considerations of sub-
10 factors discussed below); and (D) whether the proposal treats class members equitably relative to
11 each other. *See* Fed. R. Civ. P. 23(e)(2). Additional factors include: (1) strength of the case; (2)
12 risk of further litigation; (3) risk of maintaining class action status throughout trial; (4) amount
13 offered in the settlement; (5) extent of discovery completed; (6) experience and views of counsel;
14 (7) presence of a governmental participant; and (8) the reaction of class members to the proposed
15 settlement. *Hanlon*, 150 F.3d at 1026. In consideration of these factors the Court finds the
16 Settlement to be fair, adequate, and reasonable. The following factors are most relevant to this
17 finding.

18      a) First, the settlement was arrived at through a good-faith, non-collusive process.
19 "An initial presumption of fairness is usually involved if the settlement is recommended by class
20 counsel after arm's-length bargaining." *Viceral v. Mistras Grp., Inc.*, 2016 WL 5907869, at *8
21 (N.D. Cal. Oct. 11, 2016) (internal quotation omitted); *see also Rodriguez v. W. Publ'g Corp.*, 563
22 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-
23 collusive, negotiated resolution."). "The assistance of an experienced mediator in the settlement
24 process confirms that the settlement is non-collusive." *Satchell v. Fed. Exp. Corp.*, No. C 03-2659
25 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007). Here, the parties arrived at settlement
26 after multiple rounds of mediation before Michelle Yoshida, Esq. Mot. at 6. Ms. Yoshida is
27 regularly recognized as an experienced mediator. *STAAR Surgical*, 2017 WL 4877417, at *2
28 (approving settlement where it was "the outcome of an arms-length negotiation conducted with

the help of an experienced mediator Michelle Yoshida"); *Kendall v. Odonate Therapeutics*, 2022 WL 188364, at *6 (S.D. Cal. Jan. 18, 2022) (similar). The non-collusive nature of the negotiations and overall propriety of the settlement agreement is bolstered by the cap on attorney's fees sought in the case. Specifically, the maximum fee provided for in the settlement is 25%, the benchmark rate in the circuit, which represents a *negative* lodestar multiplier of 0.5. *See Yelp*, 2023 WL 3063823, at *2 ("Not only is an upwards fee multiplier commonplace in complex class actions, but a multiplier of less than one suggests that the negotiated fee award is reasonable.").

        b)    Second, the settlement amount equates to approximately 3.4% to 6.4% of the maximum damages. Motion at 13. The 3.4% figure is relative to the recovery if Plaintiffs prevailed on every issue and the class period remained the same ($818 million for shareholders and $33 million for options holders). *Id.* The 6.4% figure is relative to damages if the actionable class period was limited (per credible arguments by Defendants) ($443 million for shareholders and $13 million for options holders). *Id.* Both figures include the assumption Plaintiffs would prevail on the issue of whether to net pre-class period gains when calculating damages and that option holders would be included in the class. *Id.*[2] Using either figure, the range of recovery exceeds the median percentage of similar damages ranges for class action settlements in 2022, which is 1.7% to 4.3%, pursuant to a review and analysis of securities class action settlements in that year conducted by Cornerstone Research. Cornerstone Research, *Securities Class Action Settlements*, 2022 Review and Analysis, at 4 (March 8, 2023), https://www.cornerstone.com/wp-content/uploads/2023/03/Securities-Class-Action-Settlements-2022-Review-and-Analysis.pdf. ("Cornerstone Research"). Courts have also approved similar settlements as fair and reasonable. *See, e.g., Wong v. Arlo Technologies, Inc.*, 2021 WL 1531171, at *9 (N.D. Cal. Apr. 19, 2021) (recovery of 2.35% "weighs in favor of approval"); *Embark*, 2023 WL 6276728, at *7 (granting preliminary approval to settlement recovering 1.1% of maximum damages*); In re Broadcom Corp. Sec. Litig.*, 2005 WL 8153007, at *6 (C.D. Cal. Sept. 14, 2005) (finding recovery of 2.7%

---

[2] There is reason to doubt Plaintiffs will prevail on the issue regarding use of netting to calculate damages. *See Jaffe Pension Plan v. Household Intern., Inc.*, 756 F.Supp.2d 928, 935 (N.D. Ill. 2010) ("out-of-pocket damages are limited to actual damages such that plaintiffs' losses must be netted against any of their profits attributable to the same fraud").

1    consistent with the average recovery in securities class actions).  The total settlement amount
2    $28.5 million, also ranks in the top 31% of class action settlements from 2022 and exceeds the
3    median recovery size of $9 million for settlements between 2013 and 2022, and a $7.6 median
4    recovery size for the Ninth Circuit.   *See* Cornerstone Research at 7, 19.  Thus, the settlement
5    amount supports approval in this case.

6             c)    Third, the settlement discount is warranted by merits-based risks presented in
7    litigation, including challenges to falsity of statements, scienter, and loss causation.  Moreover,
8    there is a particularly acute risk that Plaintiffs will not be able to recover at all if litigation
9    continues because of Defendants' financial circumstances.  The company's Form 10-Q reported
10   $121 million in cash and cash equivalents with a net loss of $228 million.   Lead Plaintiffs also
11   represent that the company also does not have another major drug in the works that could help it
12   become profitable, based on publicly available information.  The primary pool of funds
13   remaining is from the company's Director's and Officer's insurance, a wasting policy, is
14   deteriorating due to legal fees.  *See* Motion at 17-18.  Accordingly, the longer litigation
15   proceeded the less money would be available for the class.  This weighs in favor of approval.
16   *See Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *8 (S.D.N.Y. Dec. 18, 2019)
17   ("Here, the D&O [I]nsurance coverage is a wasting asset as it pays legal fees of the []
18   Defendants, as providing coverage for the claims asserted in the Action"; "each day that the
19   Action was not settled would take away money available for the Class for settlement."); *Embark*,
20   2023 WL 6276728, at *7 (granting preliminary approval to settlement recovering 1.1% of
21   damages "as [d]efendants' tenuous financial position warranted settlement"); *Velti*, 2015 WL
22   468329, at *6 (finding company's precarious "financial condition…highlights the reasonableness
23   of the settlement amount ); *Brown v. China Integrated Energy Inc.*, 2016 WL 11757878, at *7
24   (C.D. Cal. July 22, 2016) (settlement reasonable where company's only domestic "asset is its
25   Directors and Officers Insurance Policy—an eroding policy that decreases as it pays defense
26   costs, leaving less available to satisfy any judgment"); *Immune Response*, 497 F. Supp. 2d at
27   1172 (finding "significant collectability issues" when company "had no money to fund a
28   judgment or settlement [and] the only available source of funds was wasting insurance policies"

1 supported settlement).

2    d)  Finally, there is a side agreement between parties allowing (but not requiring) Defendants to withdraw from the settlement if class members representing a certain amount of FibroGen common stock request exclusion from the class. This type of agreement is not uncommon in securities class actions and has some benefits in preventing unfair outcomes; it alone does not negate approval. *See, e.g.*, *Hefler v. Wells Fargo & Co.*, 2018 WL 4207245, at *11 (N.D. Cal. Sept. 4, 2018) ("The existence of a termination option triggered by the number of class members who opt out of the Settlement does not by itself render the Settlement unfair."); *In re Carrier IQ, Inc. Consumer Privacy Litig.*, 2016 WL 4474366, at *5 (N.D. Cal. Aug. 25, 2016) (Chen, J.) ("opt-out deals are not uncommon as they are designed to ensure than an objector cannot try to hijack a settlement in his or her own self-interest"). The terms of this agreement are not unreasonable.

6.  In consideration of these factors and additional factors identified by Federal Rule 23 and Ninth Circuit precedent the Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

7.  **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on **May 16, 2024** at 1:30 p.m. in Courtroom 5 – 17th Floor, of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether the Judgment attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendant Releasees; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members

1   as set forth in paragraph 7 of this Order.

2      8.    The Court may adjourn the Settlement Hearing without further notice to the
3   Settlement Class, and may approve the proposed Settlement with such modifications as the Parties
4   may agree to in writing, if appropriate, without further notice to the Settlement Class.

5      9.    **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead
6   Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to
7   supervise and administer the notice procedure in connection with the proposed Settlement as well
8   as the processing of Claims as more fully set forth below. Notice of the Settlement and the
9   Settlement Hearing shall be given by Lead Counsel as follows:

10      a)    on or before **February 23, 2024** (within ten (10) calendar days of the date
11   of entry of this Order), FibroGen shall provide or cause to be provided to the Claims Administrator
12   (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) records reasonably
13   available to FibroGen or its transfer agent concerning the identity and last known address, and
14   email address where available, of Settlement Class Members, in electronic form or other form as
15   is reasonably available to FibroGen or its transfer agent, which information the Claims
16   Administrator shall treat and maintain as confidential;

17      b)    on or before **March 4, 2024** (not later than twenty (20) calendar days of the
18   entry of this Order, i.e., the "Notice Date"), the Claims Administrator shall cause a copy of the
19   Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2,
20   respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class
21   Members at the addresses set forth in the records which FibroGen caused to be provided, and by
22   e-mail to potential Settlement Class Members for whom an e-mail address is provided, or who
23   otherwise may be identified through further reasonable effort;

24      c)    contemporaneously with the mailing of the Notice Packet, the Claims
25   Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be
26   developed for the Settlement, from which copies of the Notice and Claim Form can be
27   downloaded;

28      d)    on or before **March 18, 2024** (not later than ten (10) business days after the

1  Notice Date), the Claims Administrator shall cause the Summary Notice, substantially in the form
2  attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be
3  transmitted once over the *PR Newswire*; and

4      e)      not later than **May 2, 2024** (not alter than fourteen (14) calendar days prior
5  to the Settlement Hearing), Lead Counsel shall file with the Court proof, by affidavit or declaration,
6  of such mailing and publication.

7      10.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form
8  and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-
9  1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and
10 Claim Form and the publication of the Summary Notice in the manner and form set forth in
11 paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes
12 notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members
13 of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to
14 be provided thereunder), of Lead Plaintiffs' motion for an award of attorneys' fees and
15 reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of
16 Allocation or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation
17 Expenses, of their right to exclude themselves from the Settlement Class, and of their right to
18 appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons
19 and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements
20 of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the
21 Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as
22 amended, and all other applicable laws and rules. The date and time of the Settlement Hearing
23 shall be included in the Notice and Summary Notice before they are mailed and published,
24 respectively.

25     11.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise
26 acquired FibroGen common stock during the Settlement Class Period for the benefit of another
27 person or entity shall either (a) within seven (7) calendar days of receipt of the Notice, request
28 from the Claims Administrator sufficient copies of the Notice Packet to forward to all such

beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses, and email addresses where available, of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail and email the Notice Packet when an email is available to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.10 per name and address provided to the Claims Administrator; mailing of the Notice and Claim Form up to $0.50 per unit, plus postage; or emailing of the Notice and Claim Form up to $0.05 per email. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

12. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online no later than **June 12, 2024** (one hundred (100) calendar days after the Notice Date). Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

13. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and

1  holding information found in a broker confirmation slip or account statement, or such other
2  documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the
3  person executing the Claim Form is acting in a representative capacity, a certification of his, her,
4  or its current authority to act on behalf of the Settlement Class Member must be included in the
5  Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim
6  Form must be complete and contain no material deletions or modifications of any of the printed
7  matter contained therein, and must be signed under penalty of perjury.

8  14. Any Settlement Class Member who or which does not timely and validly submit a
9  Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have
10 waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from
11 participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation
12 and the Settlement and all proceedings, determinations, orders, and judgments in the Action
13 relating thereto, including, without limitation, the Judgment and the Releases provided for therein,
14 whether favorable or unfavorable to the Settlement Class; and (d) shall be permanently barred from
15 commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the
16 Defendant Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the
17 foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

18 15. **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class who
19 wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in
20 writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any
21 such request for exclusion from the Settlement Class must be mailed or delivered such that it is
22 received no later than **April 18, 2024** (twenty-eight (28) calendar days prior to the Settlement
23 Hearing), to: Exclusions, *In re FibroGen, Inc., Securities Litigation*, c/o JND Legal
24 Administration, P.O. Box 91482, Seattle, WA 98111, and (b) each request for exclusion must
25 (i) state the name, address, and telephone number of the person or entity requesting exclusion, and
26 in the case of entities, the name and telephone number of the appropriate contact person; (ii) state
27 that such person or entity "requests exclusion from the Settlement Class in *In re FibroGen, Inc.,*
28 *Securities Litigation*, Case No. 3:21-cv-02623-EMC"; (iii) state the number of FibroGen securities

1  that the person or entity requesting exclusion purchased/acquired and sold during the Settlement
2  Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the
3  number of securities held at the beginning of the Settlement Class Period; and (iv) be signed by
4  the person or entity requesting exclusion or an authorized representative.  A request for exclusion
5  shall not be effective unless it provides all the required information and is received within the time
6  stated above, or is otherwise accepted by the Court.

7  16.  Any person or entity who or which timely and validly requests exclusion in
8  compliance with the terms stated in this Order and is excluded from the Settlement Class shall not
9  be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or
10 judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

11 17.  Any Settlement Class Member who or which does not timely and validly request
12 exclusion from the Settlement Class in the manner stated herein: (a) shall be deemed to have
13 waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred
14 from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be
15 bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations,
16 orders and judgments in the Action relating to the Settlement, including, but not limited to, the
17 Judgment, and the Releases provided for therein whether favorable or unfavorable to the
18 Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the
19 Released Claims against any of the Defendant Releasees, as more fully described in the Stipulation
20 and Notice.

21 18.  **Appearance and Objections at Settlement Hearing** – Any Settlement Class
22 Member who or which does not request exclusion from the Settlement Class may enter an
23 appearance in the Action, at his, her, or its own expense, individually or through counsel of his,
24 her, or its own choice, by filing (electronically or in person), or sending by mail such notice to the
25 address below in paragraph 17, with the Court such that it is received not later than **April 18, 2024**
26 (twenty-eight (28) calendar days before the Settlement Hearing) or as the Court may otherwise
27 direct. Any Settlement Class Member who or which does not enter an appearance will be
28 represented by Lead Counsel.

19. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed (electronically or in person) or has sent by mail to the address below a written objection with the Court such that it is received no later than **April 18, 2024**.

**Clerk of the Court**

Class Action Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

20. Any Settlement Class Member who does not request exclusion from the Settlement Class, and who has properly filed an objection pursuant to paragraph 17 above, may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court a notice of appearance, in the same manner as set forth in paragraph 17 above, such that it is received no later than **April 18, 2024**, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

21. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the

1  number of FibroGen securities that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period, and must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in the written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

22. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

23. **Stay** – Until otherwise ordered by the Court, the Court continues to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

24. **Settlement Fund** – The contents of the Settlement Fund held by Huntington Bank, for which Huntington Bank will serve as the Escrow Agent, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

25. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations

with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 17, 2023, as provided in the Stipulation.

27. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate this Settlement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

> (a) shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiffs or any Settlement Class Member; (bb) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ee) any damages suffered by Plaintiffs or the Settlement Class; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

> (b) shall be (i) offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative

action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28. **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than **April 4, 2024**; and Lead Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than **May 2, 2024**.

29. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 13th day of February, 2024.

_____
The Honorable Edward M. Chen
United States District Judge